# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAFETY NATIONAL CASUALTY CORPORATION,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:04-cv-912-Orl-31KRS**

**WHEELED COACH INDUSTRIES, INC.,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT/COUNTERCLAIMANT'S MOTION TO COMPEL PLAINTIFF/COUNTERCLAIM DEFENDANT TO RESPOND TO DISCOVERY (Doc. No. 35)
>
> **FILED:** June 10, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant Wheeled Coach Industries, Inc. ("Wheeled Coach") seeks an order compelling Plaintiff Safety National Casualty Corporation ("SNCC") to respond to requests for production of documents and interrogatories Wheeled Coach served on April 26, 2005. SNCC did not respond to these discovery requests. It states in its response to the motion that it has been "diligently attempting to compile the discovery information" but it maintains that some of the discovery seeks information that is irrelevant, overbroad and overburdensome.

If SNCC wished to raise objections to the discovery requests at issue, it was required to do so in a written response to the discovery requests that were served on Wheeled Coach within the time permitted by the Federal Rules of Civil Procedure. Having failed to respond within this time, SNCC has waived all objections to the discovery requests other than privilege. *See United Steelworks of Am. v. IVACO, Inc.*, No. 1:01-CV-0426-CAP, 2002 WL 31932875, at * 4 (N.D. Ga.. Jan. 13, 2003).

Accordingly, it is **ORDERED** that SNCC shall serve sworn answers to interrogatories numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 on or before July 1, 2005. It is further **ORDERED** that SNCC shall produce documents responsive to requests for production numbers1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 for inspection and copying by counsel for Wheeled Coach on or before July 1, 2005. To the extent that SNCC asserts that the answers to interrogatories or documents responsive to the requests for production of documents are legally privilege or protected from production, it must serve simultaneously with the service of the discovery responses a privilege log that sets forth all information and responsive documents withheld from production based on the assertion of a privilege or protection.[1] The privilege log must identify each item of information or document withheld pursuant to a claim of privilege or protection by date, source or author, individuals to whom the information has previously been disclosed (including recipients of copies of documents), specific privilege or protection claimed, and shall describe the subject matter of each item of information or document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*,

---

[1] Relevance, overbreadth and burdensomeness are not privileges or protections that can be raised in a privilege log.

Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20, 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2nd Cir. 1987)).

SNCC has presented no substantial justification for its failure to respond to the discovery requests within the time required by the rules of the Court.  Indeed, it appears that SNCC has had two opportunities to respond to the same discovery requests, but failed to do so.  I find no reason to believe that an award of sanctions would be unjust.  Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), it is **ORDERED** that SNCC shall pay to Wheeled Coach the sum of $1,000.00 to compensate Wheeled Coach, in part, for the attorneys' fees and costs it incurred in connection with filing the motion to compel.  It is further **ORDERED** that SNCC shall tender this sum to counsel for Wheeled Coach on or before July 15, 2005.

**DONE** and **ORDERED** in Orlando, Florida on June 23, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties