# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAFETY NATIONAL CASUALTY CORPORATION,**

            **Plaintiff,**

**-vs-**                                       **Case No.  6:04-cv-912-Orl-31KRS**

**WHEELED COACH INDUSTRIES, INC.,**

            **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR SANCTIONS REGARDING RULE 30(B)(6) DEPOSITION (Doc. No. 39)**
>
> **FILED:**      **August 1, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Wheeled Coach Industries, Inc. ("Wheeled Coach") asks the Court to compel the corporate representative of Defendant Safety National Casualty Corporation ("Safety") to submit to a reopened deposition at which the representative is better prepared to answer subjects noticed in the Rule 30(b)(6) deposition notice or, alternatively, to sanction Safety for its failure to produce a properly prepared corporate representative.

The discovery period in this case closed on July 1, 2005. Doc. No. 28. Counsel for the parties agreed that the deposition of Safety's corporate representative would be conducted on July 14, 2005, after the discovery period had closed. Neither party sought or obtained leave of Court to extend the discovery period for purposes of taking this deposition. Wheeled Coach argues that the scheduling of the deposition after the close of discovery was necessitated by Safety's failure to respond timely to other discovery requests. It offers no excuse for its failure to so advise the Court and request an enlargement of the discovery period.

Fed. R. Civ. P. 16(b) provides that district courts are required to enter a scheduling order that limits the time to complete discovery and file motions, among other things. The Rule further provides that the deadlines established in the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In this case, good cause has not been shown for the failure to seek leave to extend the discovery period and the period for filing motions related to discovery disputes. Accordingly, I decline to grant the relief requested because the motion was not timely filed.

**DONE** and **ORDERED** in Orlando, Florida on September 9, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties