**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SAFETY NATIONAL CASUALTY**
**CORPORATION,**

           **Plaintiff,**

-vs-                                 **Case No. 6:04-cv-912-Orl-31KRS**
                                     **(Consolidated with Case No. 6:04-Cv-1349)**

**WHEELED COACH INDUSTRIES, INC.,**

           **Defendant.**

_____

# ORDER

Plaintiff brought this action seeking a declaration that it is not liable to Defendant under an excess workers' compensation insurance policy (Doc. 1). The basis for Plaintiff's claim lies in the "Good Faith Settlement" provision in Section M of the policy. Defendant counterclaimed seeking to establish coverage under the policy (Doc. 17). Specifically, in paragraph 74 of its counterclaim, Defendant denies that it has breached Section M of the policy. In order to get the last word, Plaintiff asserted the affirmative defense of waiver and estoppel in its answer to Defendant's counterclaim (Doc. 20). Defendant has now moved for partial summary judgment regarding those affirmative defenses (Doc. 38) and Plaintiff has responded (Doc. 54).

Defendant's counterclaim merely joined issue with Plaintiff's Complaint concerning coverage under the policy, and Plaintiff's affirmative defenses simply reassert its complaint from a defensive standpoint: i.e., Defendant is not entitled to coverage because its breach of Section M amounts to a waiver or estoppel to its claim for benefits. While these affirmative defenses tend to

elevate form over substance, the Court cannot conclude that, as a matter of law, they should be stricken. According, it is

**ORDERED** that Defendant's Motion is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 13, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party