# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAFETY NATIONAL CASUALTY CORPORATION,**

**Plaintiff,**

**-vs-**                                    Case No.  6:04-cv-912-Orl-31KRS

**WHEELED COACH INDUSTRIES, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on Defendant's Motion for Sanctions for Plaintiff's Violation of this Court's June 23, 2005 Discovery Order (Doc. No. 41). For the reasons set forth herein, I respectfully recommend that the Court grant the motion for sanctions and determine which of the various sanctions permitted under Federal Rule of Civil Procedure 37 it deems appropriate under the circumstances of this case.

## I.      BACKGROUND.

In this case, Plaintiff Safety National Casualty Corporation (SNCC) seeks a declaration that it is not liable to Defendant Wheeled Coach Industries, Inc. (Wheeled Coach) under an excess workers' compensation insurance policy. Wheeled Coach asserted a counterclaim seeking to establish coverage. The dispute arises from the "Good Faith Settlement" provision of Section M

of the policy.  In essence, SNCC contends that Wheeled Coach's refusal to settle three workers'

compensation claims for an amount within SNCC's self-insured retention (SIR) was unreasonable.

Wheeled Coach served discovery requests designed to uncover information about whether

or not its actions were, in fact, unreasonable.  It sought information regarding how SNCC handled

other excess coverage claims arising from an insured's failure to settle or failure to resolve the

claim within the SIR, and financial information that would show whether SNCC made a

substantial profit from denial of excess coverage claims.  SNCC initially did not respond to

Wheeled Coach's interrogatories or requests for production of documents.  Accordingly, Wheeled

Coach filed a motion to compel responses to certain interrogatories and production of documents

responsive to certain requests for production.

On June 23, 2005, I granted the motion to compel, and ordered SNCC to provide sworn

answers to certain interrogatories and to produce documents responsive to certain requests for

production on or before July 1, 2005.  Because SNCC had not responded to these discovery

requests, I found that SNCC had waived all objections to the discovery requests other than

privilege.  Doc. No. 37.  SNCC did not ask the presiding district judge to review the order.  *See*

Fed. R. Civ. P. 72.  Having failed to do so, the only proper course of conduct was to comply with

the order.  *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1448 (11th Cir. 1985).

## II.	THE PRESENT DISPUTE.

Wheeled Coach now asserts that SNCC failed to abide by my order.  Wheeled Coach

represents that SNCC served only unsworn answers to the interrogatories that were the subject of

my order to compel.  Doc. No. 41 at 13.  In its response to the motion, SNCC does not contest its

failure to provide sworn responses as required by my order.  Further, even its unsworn responses were incomplete, as explained by Wheeled Coach in its motion.

SNCC's production of documents was equally deficient.  In many instances, rather than producing the requested documents, SNCC referred to its unsworn and incomplete responses to interrogatories or a spreadsheet of information drawn from information not produced to Wheeled Coach.  In its response to request for production 10, SNCC stated that the requested documents would "be provided upon receipt."  Doc. No. 41 at 11.  It appears that these documents were not provided to Wheeled Coach as of the time of filing of the present motion.

SNCC argues that it did its best to respond to the discovery requests, but that it was hampered by the breadth of the requests and the manner in which it maintained its business information.  If SNCC believed the requests were overbroad or unduly burdensome, it had ample opportunity to raise those objections at the time the responses to the discovery requests were due.  Having failed to do so, it waived  the objections.  Its only recourse was, therefore, to respond properly and completely to the discovery requests as ordered by the Court.   Accordingly, I find that SNCC wilfully failed to comply with my order.

### III.    APPROPRIATE SANCTIONS.

Federal Rule of Civil Procedure 37(b)(2) sets forth the sanctions that a court may impose when, as here, a party fails to obey an order to provide discovery.  Wheeled Coach asks that the Court either strike SNCC's pleadings and enter judgment for Wheeled Coach, preclude SNCC from presenting evidence at trial, or instruct the jury that the requested discovery responses would have been adverse to SNCC.   It also seeks an award of monetary sanctions.

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 482 (11th Cir. 1982).  The standard of review for sanctions imposed under Rule 37 is whether the trial court abused its discretion in imposing sanctions.   *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  In reviewing the trial court's exercise of discretion, the reviewing court will consider whether "a less drastic but equally effective remedy could have been fashioned." *Aztec Steel Co.,* 691 F.2d at 481-82.

The discovery period in this case closed on July 1, 2005.  Doc. No. 28.  Counsel are required to meet next week, on November 2, 2005, to prepare their final pretrial statement.  At this meeting, they must exchange copies of the exhibits they intend to introduce at trial.  *See* M.D. Fla. L.R. 3.06.  Trial is set to begin on January 1, 2006.  Thus, at this late stage of the proceedings, Wheeled Coach is necessarily prejudiced by SNCC's failure to produce discovery as required by my order.

Heeding the Supreme Court's admonishment that the Court should impose the least drastic sanction that will provide an effective remedy for the discovery violation, I ordinarily would

recommend that striking SNCC's pleadings and entering judgment for Wheeled Coach is too severe.  Issues of fact remain about the reasonableness of Wheeled Coach's conduct with respect to the three workers' compensation claims underlying the complaint that would not be resolved as a matter of law if Wheeled Coach had learned how SNCC treated other excess coverage claims and the extent to which SNCC has financially profited from denial of excess coverage claims. However, precluding SNCC from defending on the issue of whether Wheeled Coach's actions in this circumstance were reasonable would be tantamount to striking its pleadings because the issue of reasonableness is the heart of the dispute.  It may be possible for the Court to craft a jury instruction allowing the jury to draw an adverse inference from SNCC's failure to provide the compelled discovery information, but such crafting is, in my experience, best left to the judge who will preside over the trial.

Accordingly, I recommend that the Court determine the proper sanction to be applied in this matter.  I further recommend that any sanction also include a requirement that SNCC pay the reasonable attorneys' fees and costs incurred in bringing the motion for sanctions.  If the parties are unable to agree on the amount of monetary sanctions, I recommend that the Court direct Wheeled Coach to file a motion for assessment of monetary sanctions, supported by evidence of the experience, reasonable hourly rate and number of hours worked for each attorney or legal professional for whom fees are sought, and evidence of the actual costs incurred.

**IV.     RECOMMENDATION.**

I respectfully recommend that Defendant's Motion for Sanctions for Plaintiff's Violation of this Court's June 23, 2005 Discovery Order (Doc. No. 41) be **GRANTED** and that the Court determine the appropriate sanctions to be imposed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on October 26, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Parties